ROBERT MURRAY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 22343.)

Court of Claims, February 7, 1933.

*C. Bertrand Race,* for the claimant.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Deputy Assistant Attorney-General, of counsel], for the defendant.*

BARRETT, P. J.   This claim, filed pursuant to chapter 366 of the Laws of 1932, is for personal injuries alleged to have been caused to claimant by being thrown from a truck while being conveyed to a prison road camp from a gravel pit where claimant and others, all inmates of Auburn Prison, were engaged in loading trucks with road building material.

The conveying vehicle was the property of the town of Ledyard and was being used by the State under the direction and supervision of prison employees for the transportation of prisoners from and to the camp.   It was equipped with boards running lengthwise with cross pieces at each end and in the middle.   These boards, upon which the men sat with their feet inside, had no backs.

In leaving the gravel pit to return to the camp on August 27, 1929, by way of a private road, the truck upon approaching a loaded truck going in the same direction turned to the left off of the roadway and into a field, the surface of which was rough, and when the truck struck one of the rough places, claimant was thrown backward to the ground and injured.

Under the enabling act, before any recovery can be had, claimant was bound to prove by a fair preponderance of evidence that the State or its employees were negligent and that he was free from contributory negligence.   Claimant not only charges that the State was negligent in that the truck was unsafe and inadequate and negligently operated, but that it was further negligent in not furnishing prompt and proper medical treatment to claimant.

It was the duty of the State to use due care in the conveyance of these men to and from their work and the fact that the truck in which they were carried was not the property of the State nor operated by a State employee does not relieve it of said duty. The vehicle, as stated before, was being used by the State under the direction and supervision of State employees and was driven off of the road and into the place where the accident occurred under such direction and supervision.   The negligence of the driver was, therefore, an act for which the State is responsible and I am satisfied that the accident happened as the result of the failure of the State to furnish a safe and adequate means of transportation for proceeding where the driver was directed to go.   It is very apparent

that claimant was thrown when the truck struck a rough spot in the field, an accident which might easily have been avoided if backs were attached to the boards upon which claimant and the others were compelled to sit, or if the conveyance had bars or supports to which they might cling.

Claimant did not by any act of his, so far as the evidence discloses, cause or contribute to the accident. He was sitting in a natural position in the truck and had no reason to believe that anything more was required and indeed he could do nothing else as the board upon which he sat was not fastened and no support whatever was provided for his use.

When he was picked up it was found that he was bruised somewhat about the body and that his right hand and wrist were injured. He was taken to the camp and given first aid treatment by the guards, his right hand and wrist bandaged, treated and placed in a sling. On October 25, 1929, he was taken to the prison and upon examination by the prison physician was found to have sustained a fracture of the right wrist and it was further found that the bones had so grown together as to leave a dislocation and deformity of the wrist joint. An unsuccessful attempt was made to reduce the fracture and the physician deemed it unwise to attempt a forced breaking of the dislocation. As a result, claimant suffers from a permanent deformity of the wrist. Between the time of the accident and the time when he was taken to the prison, the condition of the arm and wrist was seen by those in charge and claimant was advised to have it treated in the prison. To this plan he demurred, saying in substance that the condition was improving. He might have been ordered to the prison for treatment but no such order was given. Apparently claimant was reluctant to leave the camp for the prison walls and the guards hesitated for that reason to compel him to go.

The prison physician was in no way to blame. When he saw claimant it was too late to reduce the fracture and he wisely concluded not to break it again but to leave it as it was.

The primary cause of the accident was the negligence of the State but the proximate cause of the permanent injuries was not the accident itself but the failure to have prompt and proper medical care provided, for which failure claimant was as much to blame as the State employees.

His wrist pained him and was swollen, yet he did not ask for his return to the prison for treatment. He said that he thought it was sprained and he testified as follows referring to the guard in charge: " He thought it was sprained. I think everybody connected with camp thought it was sprained." He was, to say

the least, as negligent as the prison employees and there is, therefore, no liability upon the State to compensate him for his permanent injury.

He is entitled, however, to an award for his original injuries resulting proximately from the accident and the pain and suffering consequent thereto, which amount I determine to be $1,000.

PARSONS, J., concurs.